IN THE CIRCUIT COURT OF
HAMILTON COUNTY, TENNESSEE

BRENDA SALAZAR, )
  )
  Plaintiff, )
 ) CASE NO. 12C 1503
v. )
 ) JURY DEMAND
QCAROLINA RESTAURANTS, )
LLC, d/b/a QDOBA MEXICAN )
GRILL #141, )
 )
  Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Brenda Salazar, by and through counsel, pursuant to Rule 7 of the Tennessee Rules of Civil Procedure, and complains against the Defendant, QCarolina Restaurants, LLC d/b/a Qdoba Mexican Grill #141, as follows:

### I. JURISDICTION

1. The actions giving rise to this Complaint occurred in Hamilton County, Tennessee.

2. This Court has jurisdiction over the subject matter and the parties to this lawsuit pursuant to Tenn. Code Ann. § 16-10-101, *et seq.*

3. Venue is proper in this Court pursuant to Tenn. Code Ann. § 24-10-101.

### II. NATURE OF PROCEEDING

4. This action is brought by Plaintiff to secure redress for violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, and under Tennessee common law for retaliatory discharge. This action seeks injunctive relief, lost wages and



benefits, front pay, compensatory damages for humiliation and embarrassment, punitive damages, prejudgment interest, court costs, and attorney fees.

### III. PARTIES

5. The Plaintiff, Brenda Salazar, is a resident of Hamilton County, Tennessee. Her address is 5904-A Graston Avenue, Chattanooga, TN 37412.

6. The Defendant, QCarolina Restaurants, LLC d/b/a Qdoba Mexican Grill #141 ("Qdoba"), is a North Carolina limited liability company with its principal place of business located at 10915 Southern Loop Boulevard, Pineville, NC 28134.

### IV. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

7. Defendant is the owner and operator of the Qdoba Mexican Grill #141 restaurant located at 414 Market Street, Chattanooga, TN 37402 (hereinafter "Qdoba #141").

8. Plaintiff was employed by Defendant from October 28, 2009 until her termination from employment on or about September 4, 2012.

9. During her employment, Plaintiff observed several wage payment practices committed by Tia Lewis, the general manager of Qdoba #141 where Plaintiff was employed ("Ms. Lewis"), which were inappropriate and unlawful.

10. By way of example, on several occasions Plaintiff observed Ms. Lewis altering non-exempt employees' time records by reducing the working hours recorded by those employees for the purpose of ensuring that Defendant would not be forced to pay overtime for hours worked by those employees.

11. Ms. Lewis also recorded working hours for non-exempt employees on days that those individuals had not actually worked. By way of example, this practice

2

included recording working hours for an individual who was in jail at the time he was said to have been working at the Qdoba restaurant, as well as recording working hours for an individual who was in the hospital and unable to work on the days for which she was paid.

12. On or about September 4, 2012, Plaintiff contacted Mike Bradley (Vice-President, Operations) by telephone and left a voice mail message indicating that she wished to speak to him about the inappropriate, unlawful wage payment practices that she had observed.

13. Plaintiff did not receive a responsive telephone call from Mr. Bradley in response to her voice mail message.

14. Instead, at approximately 2:30 pm on the same day, five (5) hours after she had placed a telephone call to Mr. Bradley informing him of the unlawful practices occurring at Qdoba #141, Plaintiff was informed by Ms. Lewis that she was being terminated from her position with Defendant. The only reason offered for her termination by Ms. Lewis was the statement that "I know what you're doing, and I'm not going to let you get away with it."

15. The true reason for Plaintiff's discharge was her complaint about, and refusal to participate in, Defendant's continued violations of state and federal wage payment laws, including, but not limited to, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Tennessee state law.

16. After her termination, Plaintiff contacted Lynn Barber (Human Resources) and, after detailing the information that she possessed concerning unlawful wage payment issues occurring at Qdoba #141, informed Ms. Barber that she had been

3

terminated from her position. During that conversation, Ms. Barber indicated that she would have Mike Bradley contact Plaintiff to discuss the situation.

17. Later that same day (September 4, 2012), Mike Bradley did in fact telephone Plaintiff to discuss the situation. At that time, Plaintiff once again repeated her allegations concerning inappropriate wage payment practices occurring at Qdoba #141, and the fact that she had been terminated by Ms. Lewis five (5) hours after she had complained about Ms. Lewis' actions. Mr. Bradley informed Plaintiff that he would investigate the situation and get back to her with a response.

18. As of the date of the filing of this Complaint, Plaintiff has received no further response or other communication from Defendant concerning the situation.

## V. CAUSES OF ACTION

### COUNT ONE:
### VIOLATION OF TENN. CODE ANN. § 50-1-304

19. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 18, above, as if fully set forth herein.

20. Plaintiff's discharge violated the provisions of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, in that her discharge was solely motivated by Plaintiff's refusal to participate in and/or remain silent about Defendant's continued violations of state and federal wage payment laws.

21. Plaintiff's refusal to participate in and/or remain silent about the illegal activities furthered an important public policy interest inasmuch as both the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Tennessee Wage Payment Law, Tenn. Code Ann. § 50-2-101, *et seq.*, are designed to protect the public by ensuring that employees are fully compensated for work performed on behalf of their employers.

4

## COUNT TWO:
## COMMON LAW RETALIATORY DISCHARGE

22. Plaintiff expressly incorporates herein by reference the allegations contained in Paragraphs 1 through 22, above, as if fully rewritten herein.

23. Plaintiff's discharge also violated the Tennessee common-law prohibition against firing employees for refusing to participate in and/or remain silent about illegal activities. In terminating Plaintiff, Defendant was substantially motivated by Plaintiff's refusal to participate in and/or remain silent about Defendant's continued violations of state and federal wage payment law.

24. Defendant's act in firing Plaintiff violated public policy inasmuch as both the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Tennessee Wage Payment Law, Tenn. Code Ann. § 50-2-101, *et seq.*, are designed to protect the public by ensuring that employees are fully compensated for all work performed on behalf of their employers.

## VI. DAMAGES

25. As a result of the unlawful conduct of the Defendant, Plaintiff has suffered both financially and emotionally.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a. That proper process be issued and served upon Defendant, and that Defendant be required to answer with time prescribed by law;

b. That the Court issue an injunction requiring Defendant to reemploy Plaintiff at her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for her

5

discharge, and without harassment or illegal conditions opposed upon her job; or in the alternative, for front pay and benefits in lieu of reinstatement;

c. That upon the hearing of this cause Plaintiff be awarded judgment for damages or lost wages and the value of all employment benefits which she has lost from the last date of her employment through the date of trial;

d. That Plaintiff be awarded prejudgment interest on any and all lost wages and employment benefits;

e. That Plaintiff be awarded additional compensatory damages, including damages for embarrassment and humiliation;

f. That Plaintiff be awarded her reasonable attorney fees and other litigation expenses;

g. That Plaintiff be awarded punitive damages;

h. That court costs be taxed against the Defendant;

i. That a jury try the issues in this cause; and

j. That Plaintiff be afforded any and all additional relief which the Court deems proper.

Respectfully submitted,

EVANS HARRISON HACKETT PLLC

By: _____
Maury Nicely (TN BPR #018997)
Philip Byrum (TN BPR # 020360)

835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Phone: 423.648.7890
Fax: 423.648.7897
mnicely@ehblaw.com
pbyrum@ehblaw.com

ATTORNEYS FOR PLAINTIFF

7

IN THE CIRCUIT COURT OF
HAMILTON COUNTY, TENNESSEE

BRENDA SALAZAR, )
)
   Plaintiff, )
) CASE NO. 12C 1503
v. )
) JURY DEMAND
QCAROLINA RESTAURANTS, )
LLC, d/b/a QDOBA MEXICAN )
GRILL #141, )
)
   Defendant. )

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all non-discretionary costs in this Court, which may at any time be adjudged against the Plaintiff, Brenda Salazar, if Plaintiff, Brenda Salazar, shall not pay them.

Witness my hand this **6th** day of **December**, 2012.

Respectfully submitted,

EVANS HARRISON HACKETT PLLC

By: _____
Maury Nicely (BPR No. 018997)

One Central Plaza, Ste. 800
835 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone: 423.648.7890
Facsimile: 423.648-7897



 **CT Corporation**

**Service of Process Transmittal**
01/04/2013
CT Log Number 521888196

TO: Thomas G Lewison
QCarolina Restaurants LLC
10915 Southern Loop Boulevard
Pineville, NC 28134

RE: **Process Served in Tennessee**

FOR: QCarolina Restaurants LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Brenda Salazar, Pltf. vs. QCarolina Restaurants, LLC, etc., Dft. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Summons, Cover Sheet, Complaint, Jury Demand |
| COURT/AGENCY: | Hamilton County Circuit Court, TN Case # 12C1503 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - September 4, 2012 - Violatio of Tennessee Public Protection Act Code Ann. 50-1-304 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 01/04/2013 postmarked on 01/02/2013 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date this summons is served upon you |
| ATTORNEY(S) / SENDER(S): | Maury Nicely Evans Harrison Hackett PLLC 835 Georgia Avenue Suite 800 Chattanooga, TN 37402 423-648-7890 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 794445571727 |
| SIGNED: | C T Corporation System |
| PER: | Amy McLaren |
| ADDRESS: | 800 S. Gay Street Suite 2021 Knoxville, TN 37929-9710 |
| TELEPHONE: | 800-592-9023 |

Page 1 of 1 / VP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| Hamilton County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 2 | Case Number 12C1503 |
|---|---|---|

BRENDA SALAZAR VS. QCAROLINA RESTAURANTS, LLC d/b/a QDOBA MEXICAN GRILL #141

Served On:

QCarolina Restaurants, LLC d/b/a Qdoba Mexican Grill #141      c/o Registered Agent, CTC Corporation System, 800 S. Gay Street, Suite 202, Knoxville, Tennessee 37929

You are hereby summoned to defend a civil action filed against you in Circuit Court, Hamilton County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 12-12-2012

_____
Clerk / Deputy Clerk

Attorney for Plaintiff: Maury Nicely
Evans Harrison Hackett
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____ Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____ By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____, I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____ Notary Public / Deputy Clerk (Comm. Expires _____)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____

Rev. 03/11

| Hamilton County | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>page 2 of 2 | Case Number<br>12C 1503 |

BRENDA SALAZAR VS. QCAROLINA RESTAURANTS, LLC d/b/a QDOBA MEXICAN GRILL #141

Signature of Plaintiff

Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____*

Rev. 03/11

# CIVIL CASE COVER SHEET

Check One: ☒ CIRCUIT COURT ☐ CHANCERY COURT DOCKET NO. 12C-1503
Date 12/05/2012 Attorney of Record Maury Nicely

**I. Origin (Check One)**
☒ Original Proceeding ☐ Case Reopened ☐ Counter-claim ☐ Cross-claim
☐ 3rdParty Claim ☐ Intervening Claim ☐ Other (Specify) ___

**II. TYPE OF SUIT (CHECK ONE)**

**DOMESTIC RELATIONS**
☐ 361 Paternity ☐ 362 Legitimation ☐ 363 Adoption
☐ 371 Divorce ☐ 381 Order Of Protection
☐ 391 Reciprocal Support – Incoming ☐ 392 Reciprocal Support – Outgoing
☐ 401 Other Domestic Relations (Specify) ___

**GENERAL CIVIL**
☐ 461 Contract/Debt ☐ 462 Specific Performance ☐ 512 General Sessions Appeal ☐ 513 Appeal From Admin. Hearing
☐ 471 Damages/Torts ☐ 481 Real Estate Matter ☐ 572 Guardianship ☐ 573 Trust
☐ 491 Workers Compensation ☐ 511 Juvenile Court appeal
☐ 501 Probate ☐ 571 Conservatorship
☒ 581 Miscellaneous General Civil (Specify) Employment
Other ☐ 541 Judicial Hospitalization

**PETITION FOR: (REOPENED CASES)**
☐ 382 Contempt ☐ 383 Custody/Visitation/Child Support ☐ 387 Wage Assignment Hearing
Other ☐ 551 Other

**III.** Total amount sued for $ ___
Specify type of damages or relief sought ___
Statutory authority for suit, if any 50-1-304
**IV.** Check one, ☐ Affidavit to Proceed In Forma Pauperis ☒ Cost Bond Surety Evans Harrison Hackett PLLC
**V.** JURY DEMAND (Check Yes Only If Demanded In Complaint) ☒ Yes ☐ No
**VI.** RELATED CASES (If Any) Docket # ___ Judge ___
Date Filed ___ Status ___

**VII. PLAINTIFF / PETITIONER INFORMATION** (List Additional Parties On Supplemental Form)

1. Name Salazar / Brenda
   LAST / FIRST / MIDDLE

☐ AKA ☐ DBA ☐ BNF ___
S.S. # ___ DOB ___ Drivers License # ___
  Maury Nicely
  ATTORNEY
COMPANY NAME
5904-A Graston Avenue Evans Harrison Hackett, PLLC, 835 Georgia Ave., Ste. 800
ADDRESS ADDRESS
Chattanooga TN 37412 Chattanooga TN 37402
CITY STATE ZIP CODE CITY STATE ZIP CODE
  423-648-7890
  PHONE
EMPLOYER Maury Nicely BPR #018997
  BOARD OF PROFESSIONAL RESPONSIBILITY #
ADDRESS

CITY STATE ZIP

**VIII. DEFENDANT/ RESPONDENT INFORMATION** (List Additional Parties On Supplemental Form)

1. Name ___
   LAST / FIRST / MIDDLE

☐ AKA ☐ DBA ☐ BNF ___
S.S. # ___ DOB ___ Drivers License # ___
QCarolina Restaurants, LLC d/b/a Qdoba Mexican Grill #141 ATTORNEY
COMPANY NAME
414 Market Street ADDRESS
ADDRESS
Chattanooga TN 37402
CITY STATE ZIP CITY STATE ZIP

EMPLOYER PHONE

ADDRESS BOARD OF PROFESSIONAL RESPONSIBILITY #
  ☐ Publication (specify) ___
  ☒ Other (specify) US Mail
CITY STATE ZIP Special Instructions ___
TYPE OF SERVICE REQUIRED (Check One)
☐ Out of County Sheriff ___
☐ Local Sheriff
☐ Comm. Of Ins.

**IX. ASSOCIATED PARTY (Uninsured Motorist Carrier) INFORMATION**

1. Name ___

ADDRESS ___

CITY STATE ZIP
Type Of Service (specify) ___
Are additional plaintiffs or defendants listed on a separate sheet? ☐ YES ☒ NO